PROB. 12B
(7/93)

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

# United States District Court

## for the

## DISTRICT OF HAWAII

FEB 1 2007

at 2 o'clock and ___ min ___ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: KEITH K. AKANA                Case Number: CR 02-00315SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 7/18/2003

Original Offense:   Count 1: POSSESSION OF CHILD PORNOGRAPHY, in violation of 18 U.S.C. § 2252(a)(4), a Class D felony

Original Sentence:  Forty-six (46) months imprisonment and 3 years of supervised release with the following special conditions: 1) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; 2) The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Office; 3) That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition; 4) The defendant may change his residence only with the advance approval of the Probation Office; 5) The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph and other types of testing as approved by the Probation Office; 6) The defendant shall not have any type of contact

Prob 12B
(7/93)

2

|  |  |
|---|---|
|  | (including written materials, communication devices, audio and visual devices, visits or through a third party), with children under the age of 18 or victims, except in the presence of a adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office; and 7) The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos and computer programs, unless approved for treatment purposes, or frequent any establishment where sexually explicit material is the primary product of sale. That the fine of $2,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income. |
| Amended Judgment: | Subsequent to the original sentence, the defendant filed an appeal. On 12/12/2005, The United States Court of Appeals for the Ninth Circuit filed and entered a Judgment, which was filed in the District of Hawaii on 1/9/2006, remanding the original judgment on this case. On 4/17/2006, the defendant was resentenced to time served (approximately 32 months), followed by 3 years of supervised release and the original special conditions, with the exception of the following Special Conditions: 1) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 7) The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos and computer programs, unless approved for treatment purposes, or frequent any establishment where sexually explicit material is the primary place/business where the materials are found. |
| Modification: | On 6/28/2006, the Court modified Special Condition No. 5 as follows: 5) The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include, polygraph and other types of testing as approved by the Probation Office. |

<u>Type of Supervision:  Supervised Release     Date Supervision Commenced: 4/17/2006</u>

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

   8)   That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office.

   7)   That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services without the prior approval of the Probation Office.

## CAUSE

On 12/23/2006, the offender underwent a polygraph examination as part of his sex offender treatment regimen. The results of the examination indicated that deception was detected. Prior to taking the polygraph examination, the offender made pre-test admissions and admitted that since his last polygraph on 6/2/2006, he viewed sexually stimulating and sexually oriented materials on public internet websites and an image on a personal website. Specifically, the images included a male wearing leather pants and without a shirt, and an image of a naked male.

During the post-instrument phase of the polygraph, the offender admitted that since his last polygraph, he had viewed "muscle" videos on the internet which he accessed at a Public Library. In one of the videos, a man changed his clothes and could be seen wearing only a jock strap with his buttocks revealed. In addition, the offender admitted that he also viewed an image of an unclothed male on the website, "You Tube," at www.youtube.com. You Tube is a website that allows individuals to post their own videos and commentary. The offender admitted that he became sexually aroused by these images. Based on the offender's admission, he is in violation of Special Condition No. 7 that prohibits the viewing of sexually stimulating and sexually oriented materials.

On 12/27/2006, the offender reported for a three-way conference with this officer and Supervising U.S. Probation Officer, Gene DeMello, Jr. During that conference, the polygraph results were reviewed with the offender. The offender admitted that in addition to accessing the "youtube" website, he also frequented the website, "my space," at www.myspace.com, which is similar to the "youtube" website. The offender also admitted that he had internet correspondence with a "student" via a "blog" regarding a question about homework. The offender did not know if this was a college student or a minor. A "blog" is a journal type entry on a website, such as You Tube or My Space, which is displayed in chronological order. A "blog" allows readers to leave comments for the writer. It is noted that the offender has a personal website that includes a personal profile and description of personal interests such as music

preferences, books, and preferred types of foods. This personal website has a section for posting photos and a blog on which readers could post notes. When questioned about a sexually oriented image received on his website, the offender was adamant that these images were unsolicited. The offender has since deleted the images from his website and blocked the link of the sender to eliminate the possibility of receiving more pictures. The website administrator verified that the user who sent the unsolicited images is blocked from entering this website. The offender does not have internet access at home. He was accessing these internet websites from a computer at a Public Library. We verified that his personal computer at home does not contain a modem that is required to access the internet. The offender has internet access at work for research purposes. The work computer with internet access is located in a central office location where it is visible to other staff members.

Of immediate concern is the offender's admission that he accessed internet websites that contained sexually stimulating and/or sexually oriented materials, both of which are prohibited by Special Condition No 7. As the Court may recall, on 6/21/2006, the Court was notified of the offender's non-compliance when he admitted during a polygraph examination that he had viewed sexually stimulating materials when he viewed a pornographic video within 2 months of his release. The offender did not disclose this until the polygraph examination was conducted. Now, a second polygraph examination revealed that the offender viewed sexually stimulating and/or sexually oriented materials via the internet. In both instances, the offender engaged in non-compliant behaviors and disclosed his noncompliance after the fact and in conjunction with questioning about polygraph results that revealed deception. Furthermore, the offender's therapist asserts that the offender's access to these types of internet websites serves as a "stepping stone" to viewing other types of inappropriate materials including adult and child pornography.

The recommended additional special conditions are intended to minimize the offender's exposure and access to the internet for non-work related purposes. Furthermore, the more restrictive conditions are intended to address the offender's propensity to view prohibited materials that are detrimental towards his treatment goals and that serve as a gateway to more deviant behaviors.

As to the offender's supervision adjustment, the offender continues to reside with his parents. He secured employment with the Office of Hawaiian Affairs (OHA) and the University of Hawaii. However, the OHA position was contractual and ended in November 2006. The offender has been compliant with his sex offender treatment program and is willing to continue to address the issues in treatment.

In considering the offender's willingness to address his issues in treatment in addition to his otherwise satisfactory adjustment, we respectfully recommend that the Court take no action on the violation at this time. We will continue to closely monitor the offender activities through the use of recurring polygraph testing that is intended to corroborate information gathered during our enforcement of the supervision conditions and his self-reported information as to his compliance.

Prob 12B
(7/93)

5

    Attached is a signed Notice Regarding Modification of Conditions and the Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification. The offender has also signed the Notice Regarding Modification of Conditions which is attached.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 1/30/2007

Prob 12B
(7/93)

6

---

THE COURT ORDERS:

[X]  The Modification of Conditions as Noted Above
[ ]  Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

FEB 0 1 2007
_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]   To modify the conditions of supervision as follows:

    8) That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office.

    9) That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services without the prior approval of the Probation Office

Witness: _____  Signed: _____
            LISA K.T. JICHA                                 KEITH K. AKANA
      U.S. Probation Officer                         Supervised Releasee

_____
Date 1/8/07

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_Keith Akana_ (signature)
Keith Akana

Print Name: _Keith Akana_

Date: _1/8/07_