Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

## <u>SEALED BY ORDER OF THE COURT</u>

### United States District Court

FEB 2 6 2007

#### for the

at 2 o'clock and 50 min P M
SUE BEITIA, CLERK

#### DISTRICT OF HAWAII

U.S.A. vs. <u>KEITH K. AKANA</u>                    Docket No. <u>CR 02-00315SOM-01</u>

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW LISA K.T. JICHA, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KEITH K. AKANA who was placed on supervision by the Honorable Susan Oki Mollway sitting in the Court at Honolulu, Hawaii, on the 18th day of July 2003, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2. The defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Office.

3. That the defendant shall submit his person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4. The defendant may change his residence only with the advance approval of the Probation Office.

5. The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph and other types of testing as approved by the Probation Office.

SEALED
BY ORDER OF THE COURT

Prob 12C
(Rev. 1/06 D/HI)

6.   The defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits or through a third party), with children under the age of 18 or victims, except in the presence of a adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office.

7.   The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos and computer programs, unless approved for treatment purposes, or frequent any establishment where sexually explicit material is the primary product of sale.

That the fine of $2,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

**Amended Judgment**:  On 12/12/2005, the United States Court of Appeals for the Ninth Circuit entered a Judgment, which was filed in the District of Hawaii on 1/9/2006, remanding the original judgment.  On 4/17/2006, the defendant was resentenced to time served (approximately 32 months), followed by 3 years of supervised release and the original special conditions, with the exception of the following Special Conditions:  1) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 7) The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos and computer programs, unless approved for treatment purposes, or frequent any establishment where sexually explicit material is the primary place/business where the materials are found.

**Modification:**  On 6/28/2006, the Court modified Special Condition No. 5 as follows:  5) The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include, polygraph and other types of testing as approved by the Probation Office.  The modification was necessary to remove the plethysmograph testing from Special Condition No. 5. due to *United States v. Weber*, (9th Circuit 2006), which requires that at sentencing, the Court must support its decision on the record with record evidence that the special condition is necessary to accomplish one or more of the factors listed in 18 U.S.C. 3583(d)(1).

**Modification:**  On 2/1/2007, the Court modified the special conditions as follows:  8) That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office; and 7) That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services without the prior approval of the Probation Office.  The modification was based on the offender's admissions that he viewed sexually stimulating and sexually oriented materials on public internet websites and an image on a personal website.

Prob 12C
(Rev. 1/06 D/HI)

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

<u>Alleged Violation(s) of Supervised Release</u>

That the subject has violated the conditions of his Supervised Release (Probation Forms 7A and 12B attached) as follows:

1.   That in or about the months of June 2006 through July 2006, the offender viewed sexually stimulating or sexually oriented materials that were not approved for treatment purposes, in violation of Special Condition No. 7.

2.   That on or about 12/27/2006, the offender failed to truthfully answer the Probation Officer's inquires, in violation of Standard Condition No. 3.

3.   That in or about the month October 2006, the offender had contact with a child under the age of 18, without the prior approval of the Probation Office, in violation of Special Condition No. 6.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked.  The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 21st day of February, 2007, and ordered filed and made a part of the records in the above case.

SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **AKANA, Keith K.**
       **Criminal No. CR 02-00315SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

The offender pled guilty to Count 1:  Possession of Child Pornography, a Class D felony.  On 7/18/2003, he was sentenced to 46 months imprisonment and 3 years of supervised release.  Pursuant to a remand by The United States Court of Appeals for the Ninth Circuit, on 4/17/2006, the offender was resentenced to time served (approximately 32 months), followed by 3 years of supervised release and the original special conditions along with the modified conditions listed on the facesheet of this petition.  Supervised release began on 4/17/2006.

The offender has been on supervised release for approximately 10 months.  Since his release, the offender has been residing at his parent's residence.  He worked with the Office of Hawaiian Affairs (OHA) as a consultant from in or about August 2006 through November 2006.  The offender is now employed by the University of Hawaii Center for Research as a Curriculum Developer.  With respect to his physical health, the offender suffers from kidney failure and asthma.

With respect to his participation in sex offender treatment, the offender's therapist describes his participation as adequate.  The therapist indicated that although the offender participates in the treatment process, he appears "mildly resistant" and does not consistently internalize the educational materials.

Based on the alleged violations, the offender's supervision adjustment is evaluated as poor.  The Court was notified of the offender's non-compliance on at least 2 occasions and additional special conditions were imposed in response to the non-compliance.  The offender's behaviors are cause for concern.  The alleged violations which are supported by the offender's admissions reveal a pattern of inappropriate behaviors that have escalated to the extent that the offender has accessed internet websites and viewed inappropriate materials.

The violations are as follows:

**Violation No. 1 - Viewing sexually stimulating and sexually oriented materials; Violation No. 2 - Failure to truthfully answer the Probation Officer's inquiries**

**Viewing sexually stimulating and sexually oriented materials:**  On 6/8/2006, the offender admitted that he had viewed a "pornographic video tape" since his release from prison.  The offender admitted that he became sexually stimulated by viewing the tape.  The offender also admitted that viewing pornography was a violation of his

Re:    **AKANA, Keith K.**
       **Criminal No. CR 02-00315SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

supervised release and that he had not informed this officer of the violation at the time the violation occurred. The offender surrendered the tape to this officer. Special Agents from Immigrations and Customs Enforcement viewed the tape and determined that the males who were engaged in sexual intercourse were adult males.

    **Viewing sexually stimulating and sexually oriented materials:** On 12/27/2006, during a three-way conference with this officer and Supervising U.S. Probation Officer (SUSPO) Gene DeMello, the offender admitted that in or about July 2006, while at a public library, he had viewed "muscle" videos. The offender admitted that he viewed a male changing his clothes during which the male's buttocks were exposed because he was wearing only a jock strap. The offender also admitted that he accessed a blog on the "youtube" website and viewed an image of a naked male. When questioned about accessing the internet and viewing pornography, the offender admitted that he had accessed the websites www.youtube.com and www.myspace.com from a computer at a public library. Upon further questioning the offender, he <u>denied</u> accessing other websites for the purpose of viewing sexually stimulating and sexually oriented materials. He also <u>denied</u> having any contact with a child under the age of 18 years. **(Violation No. 2 - False Statement)**

    **Viewing sexually stimulating and sexually oriented materials:** On 2/13/2007, the offender was questioned about accessing the internet and viewing pornography. At that time, the offender admitted that in addition to accessing the "myspace" and "youtube" websites, he accessed a website identified as "Yahoo Questions" where he viewed sexually stimulating material. The offender admitted that he viewed a slide show of sexually stimulating material on this particular site in or about July 2006. The offender admitted that these instances occurred while using a computer at a public library.

    **Violation No. 3 - Contact (via a communication device) with a child under the age of 18:** On 12/27/2006, when the offender was questioned about having any contact with a minor, the offender admitted that he had internet correspondence with a "student" via a "blog" regarding a question about homework. In explanation, the offender stated that he did not know if this was a college student or a minor. A "blog" is a journal type entry on a website, such as You Tube or My Space that allows readers to leave comments for the writer. Despite his statement of not knowing the age of the student, on 2/13/2007, when the offender was questioned further about his access to the internet, the offender admitted that he was aware that the student was a minor. The offender admitted that this incident occurred when the high school minor posed a question about the Industrial Revolution. The offender admitted that he answered the question, and there was no follow up contact with this minor.

Re:     **AKANA, Keith K.**
        **Criminal No. CR 02-00315SOM-01**
        **REVOCATION OF SUPERVISED RELEASE**
        **STATEMENT OF FACTS - Page 3**


During further questioning on 2/13/2007, the offender also admitted that he had contact with another minor via the Yahoo Questions website in or about October 2006. The offender admitted that his internet correspondence occurred when the teenaged male posted a question about the average penis size. The offender admitted that he replied to that minor's inquiry. The offender further admitted that he understands now that communicating with a minor in a sexual way was wrong. The offender denied having any further contact with this minor.

Based on the offender's violations, it is recommended that the Court issue a No Bail warrant for his appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
LISA K.T. JICHA
U.S. Probation Officer


Approved by:

_____
GENE DeMELLO, JR.
Supervising U.S. Probation Officer

LKTJ/ct

Re:    **AKANA, Keith K.**
       **Criminal No. CR 02-00315SOM-01**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**


**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

There do not appear to be any circumstances that warrant imposition of additional conditions at this time.

PROB 7A
(Rev. 9/00; D/HI 10/05)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

### FOR THE

## DISTRICT OF HAWAII

To:      KEITH K. AKANA                    Docket No.  CR 02-00315SOM-01

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Susan Oki Mollway, U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of three (3) years commencing 4/17/2006.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

The defendant shall not commit another federal, state, or local crime.

That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event the maximum shall increase to up to one valid drug test per day.

- ☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)
- ☒  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)
- ☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)
- ☒  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer.  (Check, if applicable.)
- ☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment.  In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)      The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2)      The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)      The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

See next page for special conditions

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    4/17/06
                 KEITH K. AKANA, Defendant                        Date

         _____    4/17/06
                 LISA K.T. JICHA                              Date
                 U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 10/05)

RE:    KEITH K. AKANA
       Docket No. CR 02-00315SOM-01

## Conditions of Probation and Supervised Release
**(continued from previous page)**

1.  That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

2.  That the defendant shall register with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student, as directed by the Probation Office.

3.  The defendant shall submit his person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. The defendant shall also submit to periodic unannounced examinations of his computer and computer accessories as well as provide access to his internet service provider account records, as directed by the Probation Office. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

4.  The defendant may change his residence only with the advance approval of the Probation Office.

5.  The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include the plethysmograph, polygraph, and other types of testing, as approved by the Probation Office.

6.  The defendant shall not have any type of contact (including written materials, communication devices, audio and visual devices, visits, or through a third party), with children under the age of 18 or the victims, except in the presence of an adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office.

7.  That the defendant shall not view, purchase, possess, or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos, and computer programs, unless approved for treatment purposes, or frequent any place where such material or entertainment is the primary place/business where the materials are found.

The Court also ordered a fine of $2,000.00, which was satisfied on 7/18/03.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        4/17/06
                KEITH K. AKANA, Defendant                  Date

         _____        4/17/06
                LISA K.T. JICHA                            Date
                U.S. Probation Officer

PROB. 12B
(7/93)

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 30 2006

at 3 o'clock and 0 min. P M
SUE BEITIA, CLERK

# United States District Court

## for the

### DISTRICT OF HAWAII

## Request for Modifying the Conditions or Term of Supervision
## with Consent of the Offender
### (Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  KEITH K. AKANA                    Case Number: CR 02-00315SOM-01

Name of Sentencing Judicial Officer:    The Honorable Susan Oki Mollway
                                        U.S. District Judge

Date of Original Sentence: 7/18/2003

Original Offense:    <u>Count 1</u>: POSSESSION OF CHILD PORNOGRAPHY, in violation
                     of 18 U.S.C. § 2252(a)(4), a Class D felony

Original Sentence:   46 months imprisonment and 3 years of supervised release with
                     the following special conditions:  1) That the defendant provide the
                     Probation Office and the Financial Litigation Unit of the U.S.
                     Attorney's Office access to any requested financial information to
                     include submitting to periodic debtor's examinations as directed by
                     the Probation Office; 2) The defendant shall register with the state
                     sex offender registration agency in any state where the defendant
                     resides, is employed, carries on a vocation, or is a student, as
                     directed by the Probation Office; 3) That the defendant shall submit
                     his person, residence, place of employment or vehicle to a search
                     conducted by the U.S. Probation Office at a reasonable time and in
                     a reasonable manner, based upon reasonable suspicion of
                     contraband or evidence of a violation of a condition of supervision.
                     The defendant shall also submit to periodic unannounced
                     examinations of his computer and computer accessories as well as
                     provide access to his internet service provider account records, as
                     directed by the Probation Office.  Failure to submit to a search may
                     be grounds for revocation.  The defendant shall warn any other
                     resident that the premises may be subject to search pursuant to
                     this condition; 4) The defendant may change his residence only
                     with the advance approval of the Probation Office; 5) The
                     defendant shall participate in sex offender assessment and
                     treatment and abide by the policies and procedures of the program,
                     which may include the plethysmograph, polygraph and other types
                     of testing as approved by the Probation Office; 6) The defendant
                     shall not have any type of contact (including written materials,

Prob 12B
(7/93)

## CAUSE

     We are requesting to remove the plethysmograph testing from Special Condition No. 5. The proposed modification is a result of _United States v. Weber_, (9th Circuit 2006). The _Weber_ ruling holds that at sentencing, the Court must support its decision on the record with record evidence that the special condition is necessary to accomplish one or more of the factors listed in 18 U.S.C. 3583(d)(1).

     Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date: 6/28/2006

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]    The Modification of Conditions as Noted Above
[  ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

6/28/06

Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify Special Condition No. 5 as follows:

5) The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include, polygraph and other types of testing as approved by the Probation Office

Witness: _____
LISA K.T. JICHA
U.S. Probation Officer

Signed: _____
KEITH K. AKANA
Supervised Releasee

_____
6/23/06
Date

PROB. 12B
(7/93)

RECEIVED

'07 FEB -1 P3:15

U.S. PROBATION OFFICE
HONOLULU, HAWAII

**United States District Court**

for the

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 1 2007

at 2 o'clock and min. P M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
(Probation Form 49, Waiver of Hearing is Attached)

Name of Offender:  KEITH K. AKANA          Case Number: CR 02-00315SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
U.S. District Judge

Date of Original Sentence: 7/18/2003

Original Offense:    <u>Count 1</u>: POSSESSION OF CHILD PORNOGRAPHY, in violation
of 18 U.S.C. § 2252(a)(4), a Class D felony

Original Sentence:   Forty-six (46) months imprisonment and 3 years of supervised
release with the following special conditions:  1) That the defendant
provide the Probation Office and the Financial Litigation Unit of the
U.S. Attorney's Office access to any requested financial information
to include submitting to periodic debtor's examinations as directed
by the Probation Office; 2) The defendant shall register with the
state sex offender registration agency in any state where the
defendant resides, is employed, carries on a vocation, or is a
student, as directed by the Probation Office; 3) That the defendant
shall submit his person, residence, place of employment or vehicle
to a search conducted by the U.S. Probation Office at a reasonable
time and in a reasonable manner, based upon reasonable
suspicion of contraband or evidence of a violation of a condition of
supervision.  The defendant shall also submit to periodic
unannounced examinations of his computer and computer
accessories as well as provide access to his internet service
provider account records, as directed by the Probation Office.
Failure to submit to a search may be grounds for revocation.  The
defendant shall warn any other resident that the premises may be
subject to search pursuant to this condition; 4) The defendant may
change his residence only with the advance approval of the
Probation Office; 5) The defendant shall participate in sex offender
assessment and treatment and abide by the policies and
procedures of the program, which may include the plethysmograph,
polygraph and other types of testing as approved by the Probation
Office; 6) The defendant shall not have any type of contact

(including written materials, communication devices, audio and visual devices, visits or through a third party), with children under the age of 18 or victims, except in the presence of a adult who is aware of the nature of the defendant's offense and who has been approved by the Probation Office; and 7) The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos and computer programs, unless approved for treatment purposes, or frequent any establishment where sexually explicit material is the primary product of sale.  That the fine of $2,000 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of his monthly gross income.

**Amended Judgment:**   Subsequent to the original sentence, the defendant filed an appeal. On 12/12/2005, The United States Court of Appeals for the Ninth Circuit filed and entered a Judgment, which was filed in the District of Hawaii on 1/9/2006, remanding the original judgment on this case.  On 4/17/2006, the defendant was resentenced to time served (approximately 32 months), followed by 3 years of supervised release and the original special conditions, with the exception of the following Special Conditions:  1) That the defendant execute all financial disclosure forms, and provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 7) The defendant shall not view, purchase, possess or distribute any sexually stimulating or sexually oriented materials, including books, magazines, films, videos and computer programs, unless approved for treatment purposes, or frequent any establishment where sexually explicit material is the primary place/business where the materials are found.

**Modification:**   On 6/28/2006, the Court modified Special Condition No. 5 as follows:  5) The defendant shall participate in sex offender assessment and treatment and abide by the policies and procedures of the program, which may include, polygraph and other types of testing as approved by the Probation Office.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  4/17/2006

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

8)    That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office.

7)    That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services without the prior approval of the Probation Office.

### CAUSE

On 12/23/2006, the offender underwent a polygraph examination as part of his sex offender treatment regimen. The results of the examination indicated that deception was detected. Prior to taking the polygraph examination, the offender made pre-test admissions and admitted that since his last polygraph on 6/2/2006, he viewed sexually stimulating and sexually oriented materials on public internet websites and an image on a personal website. Specifically, the images included a male wearing leather pants and without a shirt, and an image of a naked male.

During the post-instrument phase of the polygraph, the offender admitted that since his last polygraph, he had viewed "muscle" videos on the internet which he accessed at a Public Library. In one of the videos, a man changed his clothes and could be seen wearing only a jock strap with his buttocks revealed. In addition, the offender admitted that he also viewed an image of an unclothed male on the website, "You Tube," at www.youtube.com. You Tube is a website that allows individuals to post their own videos and commentary. The offender admitted that he became sexually aroused by these images. Based on the offender's admission, he is in violation of Special Condition No. 7 that prohibits the viewing of sexually stimulating and sexually oriented materials.

On 12/27/2006, the offender reported for a three-way conference with this officer and Supervising U.S. Probation Officer, Gene DeMello, Jr. During that conference, the polygraph results were reviewed with the offender. The offender admitted that in addition to accessing the "youtube" website, he also frequented the website, "my space," at www.myspace.com, which is similar to the "youtube" website. The offender also admitted that he had internet correspondence with a "student" via a "blog" regarding a question about homework. The offender did not know if this was a college student or a minor. A "blog" is a journal type entry on a website, such as You Tube or My Space, which is displayed in chronological order. A "blog" allows readers to leave comments for the writer. It is noted that the offender has a personal website that includes a personal profile and description of personal interests such as music

Prob 12B
(7/93)

4

preferences, books, and preferred types of foods.  This personal website has a section for posting photos and a blog on which readers could post notes.  When questioned about a sexually oriented image received on his website, the offender was adamant that these images were unsolicited.  The offender has since deleted the images from his website and blocked the link of the sender to eliminate the possibility of receiving more pictures.  The website administrator verified that the user who sent the unsolicited images is blocked from entering this website.  The offender does not have internet access at home.  He was accessing these internet websites from a computer at a Public Library.  We verified that his personal computer at home does not contain a modem that is required to access the internet.  The offender has internet access at work for research purposes.  The work computer with internet access is located in a central office location where it is visible to other staff members.

Of immediate concern is the offender's admission that he accessed internet websites that contained sexually stimulating and/or sexually oriented materials, both of which are prohibited by Special Condition No 7.  As the Court may recall, on 6/21/2006, the Court was notified of the offender's non-compliance when he admitted during a polygraph examination that he had viewed sexually stimulating materials when he viewed a pornographic video within 2 months of his release.  The offender did not disclose this until the polygraph examination was conducted.  Now, a second polygraph examination revealed that the offender viewed sexually stimulating and/or sexually oriented materials via the internet.  In both instances, the offender engaged in non-compliant behaviors and disclosed his noncompliance after the fact and in conjunction with questioning about polygraph results that revealed deception. Furthermore, the offender's therapist asserts that the offender's access to these types of internet websites serves as a "stepping stone" to viewing other types of inappropriate materials including adult and child pornography.

The recommended additional special conditions are intended to minimize the offender's exposure and access to the internet for non-work related purposes. Furthermore, the more restrictive conditions are intended to address the offender's propensity to view prohibited materials that are detrimental towards his treatment goals and that serve as a gateway to more deviant behaviors.

As to the offender's supervision adjustment, the offender continues to reside with his parents.  He secured employment with the Office of Hawaiian Affairs (OHA) and the University of Hawaii.  However, the OHA position was contractual and ended in November 2006.  The offender has been compliant with his sex offender treatment program and is willing to continue to address the issues in treatment.

In considering the offender's willingness to address his issues in treatment in addition to his otherwise satisfactory adjustment, we respectfully recommend that the Court take no action on the violation at this time.  We will continue to closely monitor the offender activities through the use of recurring polygraph testing that is intended to corroborate information gathered during our enforcement of the supervision conditions and his self-reported information as to his compliance.

5

Prob 12B
(7/93)

      Attached is a signed Notice Regarding Modification of Conditions and the Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification. The offender has also signed the Notice Regarding Modification of Conditions which is attached.

Respectfully submitted by,

LISA K.T. JICHA
U.S. Probation Officer

Approved by:

GENE DeMELLO, JR.
Supervising U.S. Probation Officer

Date:  1/30/2007

Prob 12B
(7/93)

6

THE COURT ORDERS:

[X]    The Modification of Conditions as Noted Above
[  ]    Other

SUSAN OKI MOLLWAY
U.S. District Judge

FEB 0 1 2007
Date

PROB 49
(5/96)

# United States District Court

## District of Hawaii

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[✓]    To modify the conditions of supervision as follows:

8) That the defendant is prohibited from possessing or accessing any computer or computer network that can, or has had, access to the Internet, unless it is work-related and shall not frequent places where the Internet is available for public use without the prior approval of the Probation Office.

9) That the defendant is prohibited from possessing and accessing any computer hardware and software or any other electronic device, including WebTV, that facilitates access to electronic mail (e-mail), web browsers, and Internet services without the prior approval of the Probation Office

Witness: _____          Signed: _____
LISA K.T. JICHA                                         KEITH K. AKANA
U.S. Probation Officer                                  Supervised Releasee

_____
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions.  Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant.  Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____

Keith Akana

Print Name: _Keith Akana_____

Date: _7/8/07_____